DeCARLO, Judge
(dissenting).
I do not believe the various incidents recited above, standing alone or considered together, created an ineradicable bias or prejudice. A review of those occurrences shows they were not the kind of statements condemned in Blue.
In each instance the trial judge sustained objections when interposed and on the other occasions when no objections were made, he gave the witness corrective instructions.
At the completion of this testimony, in an effort to insure that the trial atmosphere was cleansed of all bias and prejudice, the judge admonished the jury in this language:
“THE COURT: All right. Ladies and gentlemen, it is almost time to go to lunch, and I am going to instruct you that these last unresponsive remarks made by this witness — not to regard them, because they have nothing to do with the trial of this case, and after this witness answers a question she is rushing ahead and saying a whole lot of things about what she knew and didn’t know, by way of explanation.
“Those are not things. You — the law just doesn’t let witnesses go into a whole lot of undisclosed mental operation, because there is no way in the world of authenticating a thing like that.
“It would lead to all sorts of problems in the trial of cases.
“We try to try cases on facts, and what we are trying to arrive at is the truth. “And if we let witnesses come up here and give their opinions about things and state emotions and guess at what somebody else did and what so and so meant, then you, the jury, have been circumvented.
“You are not trying a case on the facts. Somebody else has already made up their mind how you are supposed to decide it, and they are telling you all these sorts of things to try to influence you, rather than just giving you true, pure facts. “Now, a lot of people, I know — I am not saying — a lot of laymen don’t realize why we have rules of evidence.
*405 “Sometimes these rules of evidence appear to be a little too highly technical, or picky.
“Now, the trial judge doesn’t make these rules, because these rules of evidence have been arrived at through the years by cases being tried, and someone who didn’t agree with the decision appealing the case to the appellate court, and the appellate court judges sitting down and reading the entire testimony of the evidence and determining what type thing did or did not improperly influence, or should not have come into evidence in the trial of a case.
“In some cases, when they do that, they write these rules of evidence. I call them that to you people. I call them that to you people because they say what the law is, and, over the years, we accumulate a great volume of law, known as common law, that we have to try these cases by. “What I am trying to do, as a judge, is to rule on these matters of evidence in accordance with these things that have been determined by judges bigger and wiser than I am as being proper rules to go by.
“And when a witness — I have no feeling of animosity towards any person that comes into this courtroom, whether it be a witness, a juror, or a defendant, or anyone, but the law puts on me a definite burden and responsibility to see that a case is properly and fairly tried according to the law and according to the evidence. “And that is. what I am trying to do here. I am not trying to make anybody uncomfortable.
“You can see that I have had a great deal of difficulty with this witness in attempting to make the witness just answer the questions and not rush ahead and say' what she wants to say, and I have admonished her not to do that.”
The trial judge was in the best position to determine whether his corrective measures had a curative effect on the jury. He was there and heard the tone of voice, observed the shades of expression by the witness and saw any visible reaction on the jury.
In my judgment it was a commendable display of judicial skill in guaranteeing this appellant a fair trial.
I respectfully dissent.
TYSON, J., concurs in the above.